IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KING CHARLES PARAMORE, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TEMPLE UNIVERSITY, et al. | : | NO. 23-3359 |

## MEMORANDUM AND ORDER

CAROLINE GOLDNER CINQUANTO, U.S.M.J.                February 27, 2026

    On January 20, 2026, this court granted Defendants' Motion for Summary Judgment in this racial discrimination/retaliation case. Plaintiff now asks this court to reconsider its decision. Doc. 65. For the reasons that follow, Plaintiff's motion is denied.

    As an initial matter, Plaintiff erroneously filed this "motion for reconsideration" under Rule 50, which governs motions for judgment as a matter of law in jury trials. Doc. 65 ¶ 11; see also Fed. R. Civ. P. 50 (Judgment as a Matter of Law in a Jury Trial). The court will instead consider this motion under Rule 59(e) and Rule 60(b).

    "Although motions for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) serve similar functions, each has a particular purpose." Ferry v. Pace, Civ. No. 24-260, 2025 WL 3527516, at *1 (W.D. Pa. Jan. 14, 2025) (quoting United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003)). "A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam). Rule 59(e) motions should not be used to "reargue issues that the court has

already considered and decided." Umoja Erectors, LLC v. D.A. Nolt, Inc., No. 20-CV-5046, 2024 WL 3635669, at *1 (E.D. Pa. July 16, 2024), aff'd, No. 24-2426, 2025 WL 2986374 (3d Cir. Oct. 23, 2025). Nor are these motions an appropriate vehicle to ask the court to "rethink what it had already thought through—rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). In the interests of finality and conservation of judicial resources, motions for reconsideration should be granted sparingly. Pennsylvania Ins. Guar. Ass'n v. Trabosh, 812 F. Supp. 522, 524 (E.D. Pa. 1992).

Rule 60(b) "permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" Kemp v. United States, 596 U.S. 528, 533 (2022) (quoting Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). A successful Rule 60(b) motion must allege one of the following: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud. . . ; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). However, "[R]ule 60(b) is not intended as a substitute for a new trial motion, or for an appeal, or to allow reconsideration of questions already litigated and decided." Tann v. Serv. Distribs., Inc., 56 F.R.D. 593 (E.D. Pa. 1972), aff'd, 481 F.2d 1399 (3d Cir. 1973) (citations omitted). Relief from judgment constitutes extraordinary relief and parties seeking such relief must do so on "clearly established grounds." Virgin Islands Nat. Bank v. Tyson, 506 F.2d 802, 804 (3d Cir. 1974) (citing Fed. Deposit Ins. Corp. v. Alker, 234 F.2d 113, 116-17 (3d Cir. 1956)).

Plaintiff simply restates the facts previously alleged in the Amended Complaint and summary judgment response to argue that the court's summary judgment decision was improper as to each Defendant. Doc. 65 ¶ 10. Other than disagreement with the court's conclusion, he provides no basis for reconsideration.

Plaintiff raises an additional argument that the court erred in granting summary judgment in favor of Defendant Edward Woltemate because Defendants "made no argument as to Woltemate." Id. ¶ 9. The summary judgment motion belies this assertion.[1] While Plaintiff does not specify the basis for his motion, he appears to allege the court committed an error of law under Rule 59(e) or a mistake under Rule 60(b)(1).[2]

In the decision, I addressed Monell liability first and found that Plaintiff had failed to establish that Temple, as a state actor, had a custom or policy that violated Plaintiff's rights and Plaintiff's "vague allegations" were insufficient to establish such a policy. Paramore v. Temple University, 2026 WL 160539, at *5-6 (E.D. Pa. Jan. 20, 2026). The court further found that Plaintiff failed to present evidence showing Temple University's

---

[1] There is no doubt that Captain Woltemate sought summary judgment. Doc. 49 at 4. The Defendants' joint motion for summary judgment addressed Captain Woltemate's alleged involvement in this case, arguing that "[o]ne thing is certain; Captain Woltemate never did anything that deterred Plaintiff from making any kind of complaint. Id. at 29. Furthermore, the joint motion argued that "there is no evidence of racially hostile or discriminatory conduct in the workplace, by Plaintiff's supervisor, Captain Woltemate, or anyone else for that matter." Id. at 34. The record contradicts Plaintiff's unsubstantiated assertion that the Defendants "made no argument as to Woltemate." Doc. 65 ¶ 9.

[2] In Kemp, the Court suggested that "mistake" under Rule 60(b)(1) includes "legal errors made by judges." 596 U.S. 528, 535. Rule 59(e) includes "clear error of law" as a basis for relief. Fed. R. Civ. P. 59(e). For purposes of this motion, the same legal analysis suffices for both Rule 59(e) and 60(b)(1).

3

alleged policy of utilizing Dr. DeSilverio's opinions was discriminatory. Id. at *7 ("There is no evidence in the record that Dr. DeSilverio conformed to this stereotype [of overdiagnosing psychotic disorders in Black men]. In fact, Dr. Joy admitted that she was not aware of Dr. DeSilverio's diagnostic patterns.") (internal quotations omitted).

I then found that Lieutenant James was not a proper defendant because "[t]here is no evidence that Lieutenant James had any supervisory authority over Plaintiff" required for liability under § 1983. Paramore, at *8. As such, the court found that Plaintiff failed to demonstrate the requisite factual threshold needed for his § 1983 racial discrimination claim and granted summary judgment for Temple University and Lieutenant James. Id. at *7-8.

Turning to Plaintiff's remaining claims, the court granted summary judgment as to Plaintiff's retaliation claim because Plaintiff failed to show evidence of retaliatory action. Paramore, at *9. The court explained that Plaintiff's reliance on the Dr. DeSilverio argument failed to show that he "conformed to this stereotype [of overdiagnosing Black men]" or that Temple University's workers compensation department "knew what the doctor's diagnosis would be." Id. The court determined that Plaintiff's remaining claim for discrimination failed because Plaintiff failed to provide "evidence to support that he suffered an adverse employment action which gives rise to an inference of discrimination." Id. at *11-12.

Finding that Temple University and Lieutenant James were improper defendants and that Plaintiff lacked evidence to sustain any of his claims, the court appropriately granted summary judgment in favor of each defendant, including Captain Woltemate.

4

Plaintiff's contention that the court made a clear error of law under Rule 59(e) or mistake under Rule 60(b)(1) is meritless.  This Motion for Reconsideration is therefore DENIED.

    An appropriate Order follows.